IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD A. WEST, | : | CIVIL NO. 1:CV-12-1004 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| OFFICER SHULTZ, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Gerald A. West ("West") filed this civil action on May 29, 2012 pursuant to Bivens[1] and the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Before the Court for consideration is West's motion for the appointment of counsel filed on February 19, 2014. (Doc. No. 67.) For the reasons that follow, the motion will be denied without prejudice.

**I.     Background**

In the complaint, West sets forth a myriad of claims against the United States and nine (9) employees at the United States Penitentiary at Lewisburg. These claims include the failure to protect West by informing his cellmate he filed complaints against him, excessive force, threats, retaliation, cruel and unusual conditions of confinement, and deprivation of property. On September 20, 2012, Defendants filed a motion to dismiss and motion for summary judgment in this matter. (Doc. No. 16.) Thereafter, motions to amend the complaint, for injunctive relief and to deny Defendants' motion to dismiss and for summary judgment were filed by West. On September 27, 2013, the Court denied West's motions, and directed him to file his opposition to the motion to dismiss and for summary judgment. (Doc. No. 54.) Opposition to Defendants'

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

motion was ultimately filed by West on November 25, 2013. The motion is ripe for consideration and will be addressed in a separate Memorandum. The Court will now address West's request for counsel.

**II.     Discussion**

In his motion for the appointment of counsel, West argues he is unable to afford a lawyer, the issues in his case are complex, he is limited by his confinement in segregation, he has problems receiving legal mail, and he is subjected to harassment and retaliation. (Doc. No. 67.) Attached to his motion are three declarations, one from West and two from fellow inmates. The declarations are submitted in support of West's claim that he is not permitted to go to the law library. (Doc. No. 67-1.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Barham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable

merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that West's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain overly complicated legal issues. In reviewing West's filings on the docket, it is apparent that he is literate and able to litigate this action on his own. He has clearly demonstrated the ability to prepare and file documents with the Court in support of his claims, as well as oppose motions filed by Defendants. In fact, presently pending for consideration by the Court is Defendants' motion to dismiss and for summary judgment which West has properly opposed by filing a brief with citation to legal precedent, a statement of material facts, and evidentiary materials. (Doc. Nos. 59, 60.)

Although West complains that he is not allowed to visit the law library and has "problems with receiving his legal mail" (Doc. No. 67 at 1), the docket undermines these claims. West's filings cite to relevant legal authority which is a clear indication that he has access to

legal books and materials.[2] Further, any argument that he does not receive his legal mail is also belied by the record. West responds to motions filed by Defendants and orders issued by the Court, thereby evidencing his receipt of legal mailings. Most importantly, while West claims he is in need of counsel to prepare filings, he currently has nothing due to be filed with the Court. The only motion outstanding is Defendants' motion to dismiss and for summary judgment that Plaintiff has already opposed, and is ripe for decision. For these reasons, it cannot be said, at least at this point, that West will suffer substantial prejudice if he is required to proceed with the prosecution of this matter on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of West to litigate this action, weigh against the appointment of counsel. His pending motion will be denied without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate order follows.

---

[2] The Court also notes that the declarations of West's fellow inmates submitted in support of his lack of access to the law library argument were prepared in early August of 2013, over six (6) months ago, and only addresses West's access to the library up until that time. (Doc. Nos. 67-1, 67-3.)