IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD A. WEST, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:12-cv-01004 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| OFFICER SHULTZ, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**I.** **Background**

Gerald A. West ("Plaintiff"), an inmate formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced the above-captioned action by filing a complaint setting forth claims under the Federal Tort Claims Act and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the United States and several officials at USP-Lewisburg. (Doc. No. 1.) By memorandum and order dated April 24, 2014, this court granted in part Defendants' motion to dismiss and/or for summary judgment. (Doc. Nos. 74, 75.) The claims remaining in the complaint are: 1) Plaintiff's <u>Bivens</u> claim against Officer Spade for writing a retaliatory false misconduct report against him on March 29, 2011 and placing him in restraints; 2) Plaintiff's <u>Bivens</u> claim against Officer Shultz for revealing that Plaintiff had complained that his cell-mate threatened him, after which said cell-mate sexually assaulted Plaintiff, and Officer Shultz failed to immediately notify a lieutenant of the assault; and 3) an FTCA claim against the United States for failure to protect Plaintiff from his cell-mate attacking him on May 15, 2011. (<u>See</u> Doc. No. 74 at 13-14, 18.)

Presently before the court is Plaintiff's motion to compel discovery. (Doc. No. 86.) For the reasons set forth below, this court will deny the motion.

**II.     Discussion**

Parties in a civil matter may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. If a party objects to a discovery request, the party making the request may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The moving party bears the initial burden of showing that the requested information is in fact relevant. Hagan v. Dolphin, 1:13-cv-2731, 2015 WL 3454499, at *3 (M.D. Pa. May 29, 2014) (citing Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001)). Once that initial burden is met, the party resisting discovery must either show that the requested material "does not come within the broad scope of relevance" defined under Rule 26, or that the requested material "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoting In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009). Decisions regarding the scope of discovery and whether to compel disclosure are left to the sound discretion of the district court. Wisniewski v. Johns-Manville Corp., 812 F.3d 81, 90 (3d Cir. 1987).

In his motion, Plaintiff requests disclosure of the following materials: 1) the log book for Unit B on the day of August 11, 2010; 2) video footage from Unit B on August 11, 2010 at approximately 12:00 PM; 3) video footage showing the use of force against Plaintiff while he was being placed in restraints on May 13, 2013; 4) lab results from blood work taken from Plaintiff on October 22, 2011 through November 15, 2011, while he was on a hunger strike. (Doc. No. 87 at 2–5.) Although Defendants initially objected to all four requests on the grounds

that they were irrelevant to Plaintiff's remaining claims, Defendants now concede that the first two requested materials are relevant. (Doc. No. 89 at 3.) Defendants have now provided the pages of the Unit B log book pages, but state that the requested surveillance video would have been lost within fourteen days of the event due to the fact that the prison's video system operates on a continuous "loop." (Id. at 3, Doc. No. 89-1.) This court thus finds that Defendants have complied with Plaintiff's first two discovery requests to the extent of their abilities to do so.

Defendants maintain that the final two discovery requests are irrelevant to Plaintiff's remaining claims. As for the video footage of the use of force against Plaintiff on May 13, 2013, Defendants contend that this has no bearing on Plaintiff's claims, as those claims are confined to events that occurred in 2011. (Doc. No. 89 at 4.) Plaintiff avers that the video footage would "show prison officials maliciously and sadistically [using] force that cause[d] harm . . . for being on a hunger strike." (Doc. No. 87 at 4.) To the extent that Plaintiff contends that this information would be relevant for a retaliation claim, this court notes that the allegations in Plaintiff's complaint never alleged that any of the Defendants named in his complaint were involved in retaliating against him for his hunger strike in 2011, and that he furthermore failed to exhaust his administrative remedies for such a claim. (See Doc. No. 74 at 3, 13-14.) Furthermore, this court agrees with Defendants that events occurring during a hunger strike in 2013 would have little bearing on events that were alleged to have occurred in 2011. Thus, this court will deny Plaintiff's motion as to his third discovery request.

Defendants similarly contend that the lab results from Plaintiff's hunger strike have no bearing on his remaining claims, as he did not allege that the named Defendants had anything to do with retaliating against him during his 2011 hunger strike. Plaintiff contends that the

information "will show one of . . . prison officials' retaliatory tacti[cs] by letting [Plaintiff's] vitals reach dangerously low levels and not report [sic] the finding in an attempt to break [Plaintiff's] hunger strike." (Doc. No. 87 at 5.) As discussed above, this court agrees with Defendants. Plaintiff never alleged any personal involvement by any named Defendants in retaliating against him for his 2011 hunger strike, and furthermore never exhausted his administrative remedies for any claim stemming from the 2011 hunger strike. To the extent that Plaintiff argues that this information would help to illustrate a general retaliatory approach among USP-Lewisburg officials, this court finds that such a link is far too tenuous and speculative to qualify as relevant information. Thus, this court will deny Plaintiff's motion as to his fourth discovery request.

### III. Conclusion

This court finds that Defendants have now complied to the fullest extent of their abilities with the first two discovery requests in Plaintiff's motion to compel discovery. This court further finds that Plaintiff's third and fourth requests are irrelevant to the claims remaining in Plaintiff's complaint. Thus, this court will deny Plaintiff's motion to compel discovery. An appropriate order will follow.